IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE R. WILSON, | No. CIV S-09-2667-MCE-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| N. MERCADO, | |
|     Defendant. | |
|                                  / | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for "partial summary judgment" (Docs. 24 & 33), and defendant's cross-motion for summary judgment (Doc. 31).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

This action proceeds on plaintiff's amended complaint, filed as of right, naming Kathleen Dickinson and N. Mercado.[1] Plaintiff claims:

> On 12-27-08 C/O N. MERCADO violated my FEDERAL & STATE CONSTITUTIONAL RIGHTS BY COMMITTING RELIGIOUS DISCRIMINATION and harassment. By verbally assaulting me stating ("FUCK YOU") (FUCK MUSLIMS) and did I know that all Muslims are a piece of "SHIT" and that he has KILLED (23) Muslim in his Life in the Phillipines, and he will do it again! C/O N. MERCADO continues to harass me by branishing ("HIS BIG JADE BUDDA ON A GOLD CHAIN WITH A JESTER OF DOMINANCE")! [sic].

Plaintiff states that Mercado's verbal harassment has "caused me to suffer tremendously physically and mentally." He adds that he has sustained an "unwanted shock to my nerves system. [sic]." He states that he no longer wears religious artifacts and fears openly practicing his religion.

# II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

---

[1] Dickinson, the prison warden, was dismissed by order issued on July 28, 2010.

1  depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment
2  should be entered, after adequate time for discovery and upon motion, against a party who fails to
3  make a showing sufficient to establish the existence of an element essential to that party's case,
4  and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of
5  proof concerning an essential element of the nonmoving party's case necessarily renders all other
6  facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as
7  whatever is before the district court demonstrates that the standard for entry of summary
8  judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

9  If the moving party meets its initial responsibility, the burden then shifts to the
10 opposing party to establish that a genuine issue as to any material fact actually does exist. See
11 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to
12 establish the existence of this factual dispute, the opposing party may not rely upon the
13 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
14 form of affidavits, and/or admissible discovery material, in support of its contention that the
15 dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party
16 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
17 of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);
18 T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and
19 that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict
20 for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

21 In the endeavor to establish the existence of a factual dispute, the opposing party
22 need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
23 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
24 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
25 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
26 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

1  committee's note on 1963 amendments).

2  In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### III.  DISCUSSION

This case concerns plaintiff's allegation that defendant verbally harassed him about his religious beliefs in violation of the Eighth Amendment.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are

met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Allegations of verbal harassment do not support relief under the Eighth Amendment unless it is shown that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by  135 F.3d 1318 (9th Cir. 1998).  In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments.  See Keenan, 83 F.3d at 1092.

In his cross-motion for summary judgment, defendant argues: (1) there is no evidence that, objectively, Mercado's statements were sufficiently gross; (2) there is no evidence that Mercado made comments with the intent to cause plaintiff psychological damage; and (3) there is no evidence that plaintiff was actually psychologically harmed.  Defendant concludes that, if he can prevail on any of these points, summary judgment should be granted in his favor because plaintiff cannot establish a necessarily element of his claim.

As a threshold issue, the court must consider what, if anything, Mercado said to plaintiff on December 27, 2008, and whether anything said was objectively gross considering the prison setting.  In his declaration, Mercado denies making any derogatory statements regarding plaintiff's religion.  He also denies making any "gestures of dominance."  These denials, supported by declaration, are sufficient to carry defendant's initial summary judgment burden of establishing the non-existence of a genuine dispute of a material fact.

/ / /

/ / /

The court has reviewed plaintiff's filings, both in support of his motions for summary judgment as well as in opposition to defendant's motion for summary judgment, and finds that plaintiff has not presented any evidence showing that Mercado made harassing statements regarding plaintiff's religion on December 27, 2008.  While plaintiff submits his various declarations basically reciting the allegations in the complaint, such recitals are insufficient to create a genuine dispute as to a material fact absent more specific evidence.

With his second motion for summary judgment, plaintiff submit s the declaration of William Hackney who states that he has known plaintiff all his life.  Mr. Hackney, however, offers no statements concerning what, if anything, Mercado said to plaintiff on December 27, 2008.  Plaintiff also offers the declaration of Teddy James, who states: "I Teddy James was present with Officer Mercado told Bennie Wilson fuck you, fuck Muslims, and did he know all Muslims are a piece of shit."  This declaration is dated March 25, 2011, which is problematic given that, according to defendant's undisputed evidence, Mr. James died in 2010.  Given this discrepancy, the court finds that no rational trier of fact could conclude that the James declaration creates a genuine dispute.

As stated above, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587.  In this case, there is a complete lack of proof sufficient to create a genuine dispute as to what, if anything, Mercado said to plaintiff on December 27, 2008.  Mercado declares that nothing derogatory or harassing was said.  Plaintiff merely denies this statement, but offers no competent proof to support the necessary element of his claim that Mercado in fact made sufficiently gross statements to warrant relief under § 1983.  Plaintiff's best "evidence" is a forged declaration.  There is simply no need for a trial to determine what is already clear – plaintiff cannot prove that Mercado said anything of a derogatory or harassing nature on December 27, 2008.

///

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motions for "partial summary judgment" (Docs. 24 & 33) be denied;

2. Defendant's cross-motion for summary judgment (Doc. 31) be granted;

3. All other pending motions be denied as moot; and

4. The Clerk of the Court be directed to enter judgment in favor of defendant and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE